MORGAN JOSEPH
P.O. BOX 741
CORNVILLE, ARIZONA 86325
(928) 649-1921



UNITED STATES DISTRICT COURT
for the
DISTRICT OF THE STATE OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA; the State of ARIZONA; YAVAPAI COUNTY; HOPI NATION; APACHE COUNTY; COCHISE COUNTY; COCONINO COUNTY; GILA COUNTY; GRAHAM COUNTY; GREENLEE COUNTY; LA PAZ COUNTY; MARICOPA COUNTY; MOHAVE COUNTY; NAVAJO COUNTY; PIMA COUNTY; PINAL COUNTY; SANTA CRUZ COUNTY; YUMA COUNTY; the DISTRICT OF COLUMBIA; the CITY of CHICAGO; the CITY of NEW YORK; TREASURY OF PUERTO RICO.<br><br>**Plaintiffs,**<br>*Ex rel.*<br><br>MORGAN J. LANGAN,<br><br>**Plaintiff-Relator,**<br>v.<br><br>ASSURANT INC.;<br>CENLAR CAP CORP. LLC;<br>CENLAR FSB;<br>DOVENMEUHLE MORTGAGE INC.;<br>LENDER PROCESSING SERVICERS;<br>NATIONAL BANK of ARIZONA N.A.;<br>TAYLOR BEAN WHITAKER;<br>ZIONS BANCORPORATION;<br>ZIONS FIRST NATIONAL BANK.<br><br>**Defendants.** | MC-15-08000-PCT-JJT<br><br>**NOTICE: MISCELLANEOUS**<br>**FILING**<br>**FOR**<br>**LETTER ROGATORY**<br><br>REQUEST TO<br>FILE UNDER SEAL Pursuant to<br>28 U.S.C. § 1651<br><br>**INTENDED FOR THE COURT**<br>**AND PARTIES ONLY:**<br><br>**EXHIBIT A (ATTACHED)**<br><br>**CERTIFIED COPY OF NOTICE**<br>**AS FILED on 12TH DAY OF**<br><br>**JANUARY, 2015** |

## CERTIFICATION

STATE OF ARIZONA         )
                         ) ss.         Case No. 2014 5169
County of Yavapai        )

I, WILLIAM N. LUNDY, Judge of the Verde Valley Justice Court, Yavapai County, Arizona, do hereby certify that the attached document is a true and correct copy of the document duly filed and entered in the records of the Verde Valley Justice Court.

Executed with official court seal affixed on this 12th day of January, 2015.

_____
Judge of the Justice Court

JUSTICE COURT- VERDE VALLEY PRECINCT, YAVAPAI COUNTY, ARIZONA
10 South 6th Street, Cottonwood, Arizona 86326

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., )<br>)<br>**Plaintiffs,** )<br>*Ex rel.* )<br>)<br>[UNDER SEAL] )<br>**Plaintiff-Relator,** )<br>)<br>v. )<br>)<br>[UNDER SEAL] )<br>**Defendants,** )<br>_____ | Case No:   CV20145169<br><br>NOTICE<br><br>FOR<br><br>**SECOND AMENDED COMPLAINT** |

# FOR THE COURT AND PARTIES ONLY

# LETTER ROGATORY (attached as Exhibit A)

2015 JAN 12 PM 4:33
Verde Valley
Justice Court

FILED

JUSTICE COURT- VERDE VALLEY PRECINCT, YAVAPAI COUNTY, ARIZONA
10 South 6th Street, Cottonwood, Arizona 86326

| | |
|---|---|
| UNITED STATES OF AMERICA, the State of ARIZONA, YAVAPAI COUNTY, HOPI NATION, APACHE COUNTY, COCHISE COUNTY, COCONINO COUNTY, GILA COUNTY, GRAHAM COUNTY, GREENLEE COUNTY, LA PAZ COUNTY, MARICOPA COUNTY, MOHAVE COUNTY, NAVAJO COUNTY, PIMA COUNTY, PINAL COUNTY, SANTA CRUZ COUNTY, YUMA COUNTY, the DISTRICT OF COLUMBIA, the CITY of CHICAGO, the CITY of NEW YORK, PUERTO RICO DEPARTMENT OF TREASURY. <br><br> **Plaintiffs,** <br> *Ex rel.* <br><br> MORGAN J. LANGAN, <br><br> **Plaintiff-Relator,** <br> v. <br><br> ASSURANT INC., CENLAR CAP CORP. LLC, CENLAR FSB, DOVENMEUHLE MORTGAGE INC., LENDER PROCESSING SERVICERS, NATIONAL BANK of ARIZONA N.A., TAYLOR BEAN WHITAKER, ZIONS BANCORPORATION, ZIONS FIRST NATIONAL BANK | FILED UNDER SEAL |

# EXHIBIT A: LETTER ROGATORY

Index: to be added

Table of Contents: to be added

Appendix: to be added

Plaintiff-Relator, MORGAN J. LANGAN ("Relator"), by and through it's inherent-alter ego or other personality U.S. Corp a/k/a United States of America, files this amended complaint ("LETTER ROGATORY") under seal, against Defendants and states:

I.  INTRODUCTION

   A. LETTER ROGATORY[1]

1.  This cause is made for redress pursuant to Article I quote "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances; and to recover damages and penalties arising from conduct by Defendants in making, selling and servicing mortgages respecting

---

[1] A letter rogatory is a formal request from a court in one country to "the appropriate judicial authorities" in another country requesting compulsion of testimony or documentary or other terms evidence or effect service of process. Although statutory authority generally refers to the instrument as a "letter rogatory", the "letter rogatory" and "letter of request" (which is used specifically in the Hague Evidence Convention) have come to be virtually synonymous in actual practice. (See Epstein & Snyder, International Litigation: A Guide to Jurisdiction, Practice & Strategy, 2nd. Sec. 10.09, p. 10.13 - 10.14.; Black's Law Dictionary (6th ed. 1994), Fed. R. Civ. P. 4(f)(2)(B) Advisory Committee's Note (West Supp. 1993).) In some countries which do not permit the taking of depositions of willing witnesses, letters rogatory are the only method of obtaining evidence or serve process. Letters rogatory can be used in civil and criminal matters, and have been used in administrative matters. The execution of a request for judicial assistance by the foreign court is based on comity between nations, absent a specific treaty obligation such as the Hague Evidence Convention or Mutual Legal Assistance in Criminal Matters (MLAT) treaties. See our general flyer on "Obtaining Evidence Abroad" or the "Hague Evidence Convention" for a further discussion of these subjects. Consular Conventions generally include language which authorizes transmission of letters rogatory through diplomatic channels. This does not obligate the foreign country to execute the request, but simply provides a formal avenue by which the requests may be made. If there is no Consular Convention in force between the United States and the foreign country, letters rogatory are received by foreign authorities on the basis of comity. **Letters rogatory are a time consuming, cumbersome process and should not be utilized unless there are no other options available.**

HUD type mortgages when, in fact, the investment vehicles used to broker/sell/make the mortgages and notes, i.e., mortgage-backed securities ("MBS"), and did not possess the notes, assignments, bailee letters or contracts necessary to broker/sell/make the mortgages and notes. The defendants therefore do not hold good title at inception of the note and mortgage and as a result the mortgages and notes make by/for Defendants lack value and consideration at their inception making them null and void or voidable.

2. Upon information and belief, the above herein named Defendants are (a) holding companies for Mortgage-Backed Securities, (b) Insurance wrapper (ABS) as defined by the Fed Bank of New York and in the Maiden Lane LLC prospectus, (c) Deferred Institutional Investors, (c) Trusts, (d) Corporations or other Special Investment Vehicles created by Defendants for the purpose of deceiving Plaintiff and Relator and others.

3. A myriad of historical evidence supports the theory that the Defendants operate severally and together as a FOREIGN-NATIONAL ASSOCIATION [2] organized for sustaining *fiat* currency distribution by/for a *crime syndicate* without lawful authority to do so, see: https://www.youtube.com/watch?v=tUXzY5kQ0gA, where testimony provides Uniform Commercial Code, Statute and other rules in a cohesive, comprehensive presentation to support the mere-fact that Defendants lack

---

[2] Exhibit B

2

sufficient Title to appear by or through an attorney in any court of record including the instant court.

4. Upon information and belief, The state postmaster established by the very first congress, issues stamped matter relating to the instant case and court(s).

5. Upon information and belief, The united states treasury, holds a social insurance account estate trust fund at 20220-9999 with a private offset account at 20220-9998 for purpose of redress.

6. Upon information and belief, the United States Coast Guard along with the Armed Forces of the United States, established postal routes for the purpose of establishing National Banking Associations the same as Defendant National Bank of Arizona.

7. Upon information and belief, on or about January 4th, 2008 Defendant, National Bank of Arizona, agreed to stop issuing mortgages and notes within the borders of the State of Arizona.

8. Upon information and belief, without authorization to do so, and against County, State and City policy, Defendant National Bank of Arizona, on or about March 8, 2008, issued multiple mortgages and notes using the Relators Name and address.

9. Additionally, Defendants used the postal routes to deceive the United States ("U.S.") government, the people of Arizona, the State of Arizona, Hopi Nation, the Counties of Apache, Cochise, Coconino, Gila, Graham, Greenlee, La Paz, Maricopa, Mohave, Navajo, Pima, Pinal, Santa Cruz, Yavapai, Yuma,

3

The District of Columbia, City of Chicago, The City of New York, Puerto Rico Department of Treasury.

10. The United States ("U.S.") government, the people of Arizona, the State of Arizona, Hopi Nation, the Counties of Apache, Cochise, Coconino, Gila, Graham, Greenlee, La Paz, Maricopa, Mohave, Navajo, Pima, Pinal, Santa Cruz, Yavapai, Yuma, The District of Columbia, City of Chicago, The City of New York, Puerto Rico Department of Treasury directly or indirectly purchased worthless securities made by/for Defendants and as a result, Defendants by their wanton and willful acts, harmed Plaintiffs and the The United States ("U.S.") government, the people of Arizona, the State of Arizona, Hopi Nation, the Counties of Apache, Cochise, Coconino, Gila, Graham, Greenlee, La Paz, Maricopa, Mohave, Navajo, Pima, Pinal, Santa Cruz, Yavapai, Yuma, The District of Columbia, City of Chicago, The City of New York, Puerto Rico Department of Treasury.

B. LETTER ROGATORY UNDER SEAL (COURT TO COURT) PER SE.

11. Compulsion of evidence will be governed by all means necessary to see to it Plaintiff's rights and remedies are kept-safe tacitly pursuant to maritime contract law without undue influence of foreign custodial banks that may have ill will towards The United States ("U.S.") government, the people of Arizona, the State of Arizona, Hopi Nation, the Counties of Apache, Cochise, Coconino, Gila, Graham, Greenlee, La Paz, Maricopa, Mohave, Navajo, Pima,

4

Pinal, Santa Cruz, Yavapai, Yuma, The District of Columbia, City of Chicago, The City of New York, Puerto Rico Department of Treasury.

12. Relator has exhausted and continues to exhaust all administrative remedies on a course deemed necessary and will help the instant court function correctly and help the court gain testimony. When a witness is not willing to testify or produce documents or other evidence voluntarily, the assistance of foreign authorities generally must be sought. The customary method of compelling evidence is by letter rogatory. See Rule 28(b), Fed. R. Civ. P.; Born & Westin, 305-308; Cumulative Digest of United States Practice in International Law, 1981-1988, Department of State, Office of the Legal Adviser, 1450, 1509-1510 (1994); and Digest of United States Practice in International Law, 1977, 498-499, Department of State, Office of the Legal Adviser. See Ristau, Sec. 3-3-2, Application for the Issuance of a Letter of Request (Letter Rogatory). The relator provides Federal Rules as reference not as rules intended to control the instant jurisdiction or venue.

13. Relator, previously filed it's court seal as the authentication required for all nationals whether foreign or domestic to see the **SEAL** as required by extraterritorial law or rules thereto. The seal may be viewed on the public record as <u>Writ in the Form of Objection: Certificate of Exemplification</u>. The file may be also be viewed at the JUSTICE COURT- VERDE VALLEY PRECINCT, YAVAPAI COUNTY, ARIZONA, 10 South 6th Street, Cottonwood, Arizona 86326.

II. Jurisdiction & Venue Declaration

5

14. Upon information and belief, by previous orders issued from the instant court, the instant court has *in personam* jurisdiction over Defendants and has by the courts acts, established venue for purposes defined herein.

15. Upon information and belief, the court has by it's own acts, waived any authority that the instant court may presume necessary to hide or protect the individual corporate officers known to hold or presumed to be holding positions of power at each residential or business address occupied by them while they operate and conduct business under the corporate names captioned herein above. Attorneys have no special privileges and may not act *de son tort* or otherwise by/for Defendants/Plaintiffs et al.

16. Relator follows the letter of law needed to make sure the Court and Parties Plaintiff and Parties Defendant understand Relator's position or capacity to oversee the paperwork filed upon the court's docket as being the court-of-record ***Per-Se OR je ne sais pa***.

17. Upon information and belief, Defendants are a party to the Hague Legalization Convention, and that country requires further authentication of the documents beyond the seal and signature of the judge, consult our information flyer on the Hague Legalization Convention for guidance on how to obtain the Convention "apostille" certificate. See also the U.S. State Department's Authentications Office home page .

II. Parties

A. Relator

6

18. Relator is a pillar of the community and comes with reasonableness and good behavior to make sure matters do not get out of hand because evidence will support a theory that the Defendants may not be natural persons nor will Defendants ever appear individually as required by the bill of rights pertaining to the instant court and it's purported tribunal that may or may not exist.

19. Relator operates safely to be sure public-safety measures are strictly adhered to as required by The United States ("U.S.") government, the people of Arizona, the State of Arizona, Hopi Nation, the Counties of Apache, Cochise, Coconino, Gila, Graham, Greenlee, La Paz, Maricopa, Mohave, Navajo, Pima, Pinal, Santa Cruz, Yavapai, Yuma, The District of Columbia, City of Chicago, The City of New York, Puerto Rico Department of Treasury.

B.   Defendants

20. Defendant ASSURANT INC., ("ASS") is a corporation organized under the laws of Delaware, ASS's headquarters is located at1209 Orange Street, Wilmington, New Castle County, Delaware 19801.[3]

21. Defendant CENLAR CAP CORP. LLC ("CCC") is a corporation organized under the laws of New Jersey, CCC's headquarters is located at 425 Phillips Blvd. Ewing, NJ 08618.

22. Defendant CENLAR FSB ("CF") is a corporation organized under the laws of New Jersey, CF's headquarters is located at 7 Graphics Drive Ewing, NJ 08628.

---

[3]

23. Defendant DOVENMEUHLE MORTGAGE INC ("DMI") is a corporation organized under the laws of Delaware, DMI's headquarters is located at 1 Corporate Drive Suite #360 Lake Zurich, IL 60047-000.

24. Defendant LENDER PROCESSING SERVICERS ("LPS") is a corporation organized under the laws of Delaware, LPS's headquarters is located at 601 Riverside Avenue Jacksonville, Florida 32204.

25. Defendant NATIONAL BANK of ARIZONA N.A. ("NBA"), is a corporation organized under the laws of Arizona, NBA's headquarters is located at 6001 North 24th St Phoenix, AZ 85016.

26. Defendant TAYLOR BEAN WHITAKER ("TBA"), is a corporation organized under the laws of Florida, TBA's headquarters is located at 315 NE 14th St Ocala, Florida 34470.

27. Defendant ZIONS BANCORPORATION, ("ZB"), is a corporation organized under the laws of Nevada, ZB's headquarters is located at 1 South Main St Salt Lake City, UT 84133-1109.

28. Defendant ZIONS FIRST NATIONAL BANK, ("ZFNB"), is a corporation organized under the laws of Utah, ZFNB's headquarters is located at 1 South Main St Salt Lake City, UT 84133-1109.

III. BACKGROUND

A. **Real Estate Sale, Mortgage Finance and Note**

29. This case began with Relator's Qualified Written Request concerning Defendants making, handling, selling, brokering or otherwise of a of a

mortgage and note based on defective, counterfeit documents and theft of Relator's **bearer bond**. Relator's investigations revealed that the Defendants' practices in this specific case occurred in numerous other cases, and tainted mortgage and note origination nationwide see[4].

30. Generally, to finance the purchase and sale of real estate, the buyer borrowers money from a bank or mortgage company. The borrower signs a promissory note that is to be held in the bank's vault. A trust deed which is recorded as a lien against the home, was then nullified by Defendants unauthorized brokering, sale and change of servicer without filing or recording or making of a bailee letter or otherwise as required by Securities and Exchange Commission, Office of the Comptroller of the Currency, Uniform Commercial Code and local laws regarding the handling of negotiable instruments. The note and mortgage are signed by the borrower and where the bank or mortgage company is to sign, these signatures are missing thereby creating a void contract or null contract at it's origin.

31. A subsequent purchaser traditionally records its ownership of the note and mortgage by filing the assignment with county recorder's office and following the Tax and Revenue and Securities Exchange Commission rules and investor prospectus by recording all transfer assignments at the time of transfer or change of servicer at the county where the mortgage and note was originated. In the case of the Relator's mortgages and notes, recording of the assignment s did not occur. The lack of assignments deprived the Plaintiff's of lawful income due them and caused harm to the Plaintiff's by Defendant's acts.

---

[4] https://www.youtube.com/watch?v=tUXzY5kQ0gA,

32. If the borrower follows the law and sends a Qualified Written Request, the lender, or new owner of the note and mortgage, must provide the information as requested or become negligent causing breach of contract and breach of fiduciary duty. Relator specifically followed the letter of law, making a record of all interactions with Defendants prior to the filing of this 2nd Amended Complaint in the form of Letter Rogatory.

**B.  Relator's Mortgage**

33. On or about October 04, 2007, Relator acquired real property located at the address of 1280 East Willow Point Road Cornville, Arizona ("the property"). The lender for mortgage #1 was Taylor, Bean & Whitaker Mortgage Corp. (TBWM). The lender for mortgage #2 was National Bank of Arizona NA (NBA). In accordance with the terms of the note, Relator made monthly mortgage payments of four thousand five hundred seventy ($4,570.31) to TBWM until on or about 3/08/2008 for mortgage #1

34. On or about 3/08/2008 mortgage #1 was transferred from TBWM to NBA with relators' agreement. At some undetermined date, without notice or recording, mortgage #2; was transferred from NBA to California Bank Trust and monthly payments of two thousand four hundred six ($2,406.86) or more were extracted from relators' account until 9/30/2014.

35. At some undetermined date, without notice or recording, National Bank of Arizona transferred mortgage #1 to Zions First National Bank. Zions First National Bank appointed Dovenmeulhe Mortgage Inc. as subservicer without notice or recording. From 03/08/2008 through 06/30/2014; payments of four

10

thousand four hundred $4,400.04 or more were made monthly as extracted from relators' account.

36. On or about 07/01/2014 Zion's First National Bank transferred subservicing to Cenlar FSB without recording or proving they were holder in due course of the instrument. Plaintiff on or about 08/29/2014 received notice of transfer and sent Qualified Written Requests to all entities to document these transfers.

37. On or about 09/09/2014, relator disputed the transfer as a violation of the terms of the note; to date; Zions Bancorporation, NATIONAL BANK OF ARIZONA N.A. nor Zions First National Bank have responded.

38. Through 2014 Relator continued to dispute with NATIONAL BANK OF ARIZONA, DOVENMEULHLE MORTGAGE INC, ZIONS BANCORPATION, ZIONS FIRST NATIONAL BANK the changes and transfers.

39. On or about October 10, 2014 Relator sent a QWR to the State of Arizona Department of Financial Institutions( DOFI). The Superintendent verified that none of these entities has been issued approval from the DOFI to sell or offer to sell equity securities or debt instruments in Arizona as required per TITLE 6 § 116. Pursuant to Title 6 § 201 Zions First National Bank is operating in Arizona without a banking permit.

**C. Relator finds Defendants mishandling of NEGOTIABLE INSTRUMENTS is an industry-wide pattern.**

11

40. **Institution Name (RSSD ID)** ZIONS BANCORPORATION SALT LAKE CITY, UT $55,458,870 ranked 38, see http://www.ffiec.gov/nicpubweb/nicweb/image/nic_large.jpg **Holding Companies with Assets Greater Than $10 Billion** as of 09/30/2014. Additional information about a specific institution may be obtained by selecting the institution name. http://www.ffiec.gov/nicpubweb/nicweb/top50form.aspx. FOR IMMEDIATE RELEASE February 11, 2011 Contact: Kevin M. Mukri (202) 874-5770 OCC Assesses Civil Money Penalty Against Zions WASHINGTON — The Office of the Comptroller of the Currency announced today the assessment of an $8 million civil money penalty against Zions First National Bank, Salt Lake City, Utah, for violations of the Bank Secrecy Act and the USA Patriot Act as part of a coordinated action with the Financial Crimes Enforcement Network.

41. CONSENT ORDER On October 3, 2011, the New York State Department of Financial Services ("DFS"), commenced an investigation, pursuant to the New York Insurance Law and Financial Services Law ("FSL"), of Assurant, Inc. ("Assurant") and its subsidiaries, including but not limited to American Security Insurance Company ("ASIC") and American Bankers Insurance Company of Florida ("ABIC"), concerning force-placed insurance policies issued in New York State by ASIC and ABIC (the "Investigation"). This Consent Order contains the findings of the Investigation.

Instrument #: 2009000033548
Assignor: MERS as nominee for Amerimortgage Bankers, LLC by Greg Allen, VP
Date of Assignment: 1-12-2009

From Palm Beach County, Florida Official Records:

Instrument #: 20080419438
Assignor: MERS as nominee for First Guaranty Financial Corp., d/b/a Phoenix Funding by Liquenda Allotey, VP and Mathew Casey, VP
Date of Assignment: 10-15-2008

Instrument #: 20080435965
Assignor: MERS as nominee for Geneva Mortgage Corp. by Liquenda Allotey, Assistant Secretary and Christine Anderson, VP
Date of Assignment: 11-11-2008

Instrument #: 20090055586
Assignor: MERS as nominee for American Home Mortgage Acceptance, Inc. by Liquenda Allotey, VP and Greg Allen, VP
Date of Assignment: 1-20-2009

Instrument #: 20090076228
Assignor: MERS as nominee for AMPRO Mortgage by Liquenda Allotey, VP and Greg Allen, VP
Date of Assignment: 2-3-2009

Instrument #: 20090096176
Assignor: MERS as nominee for Equifirst Corp. by Liquenda Allotey, VP and Greg Allen, VP
Date of Assignment: 2-24-2009

From Martin County, Florida Official Records:

Instrument #2132924
Assignor: MERS as nominee for GE MoneyBank by Greg Allen, VP
Date of Assignment: 2-4-2009

From Broward County, Florida Official Records:

Instrument #108479192
Assignor: MERS as nominee for Bravo Credit by Greg Allen, VP
Date of Assignment: 2-6-2009

Instrument #108878042
Assignor: MERS as nominee for Hometown Mortgage Services, Inc. by Greg Allen, VP and Liquenda Allotey, VP
Date of Assignment: 9-9-2009

14

43. When the foreign central bank loans the dollars it obtains by drawing on its swap line to institutions in its jurisdiction, the dollars are transferred from the foreign central bank's account at the Federal Reserve to the account of the bank that the borrowing institution uses to clear its dollar transactions. The foreign central bank remains obligated to return the dollars to the Federal Reserve under the terms of the agreement, and the Federal Reserve is not counterparty to the loan extended by the foreign central bank. The foreign central bank bears the credit risk associated with the loans it makes to institutions in its jurisdiction.

IV. CAUSES OF ACTION to be added

V. PRAYER FOR RELIEF

**WHEREFORE,** Relator requests that the court order defendants provide all business records concerning Relators mortgages and notes, and all transactions defendants have had with Plaintiffs from the year 2000 up to and including 2015.

    a. In the alternative Defendants pay an amount equal to three times the amount of damages the United States ("U.S.") government, the people of Arizona, the State of Arizona, Hopi Nation, the Counties of Apache, Cochise, Coconino, Gila, Graham, Greenlee, La Paz, Maricopa, Mohave, Navajo, Pima, Pinal, Santa Cruz, Yavapai, Yuma, The District of Columbia, City of Chicago, The City of

15

New York, Puerto Rico Department of Treasury have sustained because of Defendant's actions, plus a civil penalty against Defendants of not less than $5,000, and not more than $10,000 for each violation of 31 U.S.C § 3729 and for violation of ARS Title 12 § 3052 (HB 2674- 501) and similar provisions of the State False Acts, of the City of Chicago False Claims Act and City of New York False Claims Act;

b. Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d), pursuant to ARS 12- 3063 (A)(1) (HB 2674) and similar provisions of the State False Claims Acts, of the City of Chicago False Claims Act and of New York False Claims Act;

c. Relator be awarded all costs of this action, including attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d), pursuant to ARS 12- 3063 (A)(1) and similar provisions of the State False Claims Acts, of the City of Chicago False Claims Act and City of New York False Claims Act;

d. The United States ("U.S.") government, the people of Arizona, the State of Arizona, Hopi Nation, the Counties of Apache, Cochise, Coconino, Gila, Graham, Greenlee, La Paz, Maricopa, Mohave, Navajo, Pima, Pinal, Santa Cruz, Yavapai, Yuma, The District of Columbia, City of Chicago, The City of New York, Puerto Rico Department of Treasury an Relator be granted all such other relief afforded by law as the Court deems appropriate;

## INHERENT AUTHORITY -- COURT SEAL

The supreme court and all courts established by Act of Congress may issue writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and passages of law., see Vienna Convention on Consular Relations, 21 U.S.T. 77, 596 UNTS 261; TIAS 6820 (where applicable); Bilateral Consular Conventions (where applicable). Letters rogatory have also been issued under the "All Writs Act", 28 U.S.C. 1651.

By: __Morgan-Joseph__ seal

**CERTIFICATE OF SERVICE:**

**John G Kerkorian, Agent for Defendants**

**1 East Washington Street, Suite 2300**

**Phoenix, Az 85004-2555**

17